**CITY OF SAN ANTONIO v. EARNEST.**

No. 11489.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1945.

Rehearing Denied April 4, 1945.

T. D. Cobbs, Jr., and Hugh R. Robertson, both of San Antonio, for appellant.

T. H. Ridgeway and S. D. Hopkins, both of San Antonio, for appellee.

MURRAY, Justice.

This suit is one between the City of San Antonio and Betty Ridgeway, being sued herein through her next friend and father, T. H. Ridgeway, wherein the City is seeking to set aside a certain tax judgment rendered in the 37th District Court in 1913, being cause No. B–5492. The suit was originally filed November 12, 1932.

The court sustained a plea in abatement and dismissed the cause. The City of San Antonio has prosecuted this appeal.

Appellant's first point is as follows:

"The trial court erred in sustaining the exceptions to appellant's second amended original petition, because said petition sets up a cause of action to which the four year statute of limitation is not applicable. The suit is in substance and effect one to quiet title and to remove cloud therefrom, and there being no adverse possession by appellee, the cause of action is a continuing one and limitation cannot be invoked as a defense."

We cannot agree with this contention. The nature of appellant's suit is fully disclosed by the prayer contained in its petition reading as follows:

"Wherefore, defendant having entered her appearance herein, plaintiff prays that on a trial hereof this plaintiff recover judgment against said defendant and that this Court enter its order setting aside every step in said tax suit in Cause No. B–5492 and hold the same null and void and of no force and effect, and for such other and

further relief in law or in equity to which it may be justly entitled, and for all costs of court in this behalf expended."

Furthermore, it is clear from a reading of appellant's entire petition that it is seeking to set aside this judgment on the ground that a fraud was perpetrated upon the City when its officers were induced to accept a rendition of the lot here involved for taxes, and also when its officers were induced to file suit and prosecute it to final conclusion, resulting in a sheriff's deed being executed to the lot. It is perfectly apparent that such fraud does not appear from the judgment or from the judgment roll. All of the proceedings were regular upon their face, therefore, the judgment was only voidable and not void. We conclude that this is a suit to set aside a judgment, and having been brought more than four years after the judgment was rendered is barred by the four-year statute of limitation. Art. 5529, Vernon's Ann.Civ. Stats., 25 Tex.Jur. p. 643, § 227.

Appellant, City, contends that this is a suit to remove cloud from title, which is not required to be brought within four years. We do not agree. As above stated, the petition, as well as the prayer contained therein, shows this suit to be one to set aside a judgment and nothing more.

The judgment of the trial court dismissing the cause is accordingly affirmed.